O’NIELL, J.
This is an action for damages for the death of the plaintiff’s son, who was fatally injured in an accident while working for the defendant company. Judgment was rendered in favor of the plaintiff for $2,000. The defendant appealed, and the plaintiff, answering the appeal, prayed that the amount of the judgment be increased to $7,500. Thereafter the plaintiff died, and his widow, as universal legatee, was substituted as plaintiff and appellee.
At the time of the accident, young Haynes was employed as helper in a drilling crew, removing the pipe or drill stem from an oil well that was being drilled. A steel hook that connected the cable with the end of the pipe broke under the heavy strain, and struck Haynes on the head.
The charges of negligence are (1) that the hook was too small, and was not intended for pulling out of the hole such a long and heavy line of pipe; (2) that the defendant neglected to make proper inspection to observe signs of breaking; and (3) that the driller, who was the foreman in charge of the work, operated the steam drum carelessly, causing severe jerks on the hook that was already too small and weak to do the work.
The suit was brought against the company as a commercial partnership, and against its members, who were held liable in solido.
The defendants first filed an exception, alleging that the company was incorporated, and that therefore the suit could not be maintained against it as a partnership nor against its members. The exception was referred to the merits, against the defendants’ protest. They then filed a motion to compel the plaintiff to elect upon which of the three allegations of negligence he would rely, the contention of the defendants being that the allegations of fault or negligence were inconsistent and contradictory. The motion was overruled, and the defendants then answered, denying that the death of Haynes was the result of any fault or negligence on their part, or on the part of the foreman in charge of the work. They alleged that the hook that broke was of standard size, and apparently safe and sound, that the machinery was handled with due care, and that the breaking of the hook was due to a latent defect in it that could not have been discovered-They alleged that, as soon as the foreman or driller operating the steam drum felt the snap of the hook, he warned all of his helpers to look out, and that they all ran to places of safety, except Haynes, who remained in a place of danger. The defendants therefore pleaded—
“that, in so standing upon the platform after he (Haynes) had been warned of the danger, he assumed the risk of the broken falling material, the hook, and contributed to his own death.”
The defendants did not plead that the contract of employment was an assumption of risk on the part of Haynes.
Opinion.
The defendants’ exception, that the oil company was a corporation and should not have been sued as a partnership, had nothing *893 to do with the merits of the case, and therefore should have been considered and decided before the defendants were required to answer the suit. Having considered separately the evidence on the question raised by the exception, we have concluded that it should have been overruled. The company or its members had been carrying on the business in the name of the Fisher Oil Company, without being incorporated, for some time prior to the accident; and there seems to be no dispute that the association was a commercial partnership before the accident. The only dispute is as to the date on which the partnership was succeeded by the corporation of the same name. The members of the company had undertaken to incorporate, had adopted a charter, and had begun its publication, before the accident; but the charter had not been published 30 days nor filed with the secretary of state, nor was a sufficient amount of capital stock paid in to authorize the company to commence business as a corporation, according to a stipulation in its charter, when the accident occurred. There is no evidence in the record as to how or when the business of the partnership was taken over by the corporation. On the contrary, it seems that there was no formal transfer of the assets or business of the partnership to the corporation, but that the partnership merely became a corporation in law after the accident. Therefore whatever obligation arose from the accident was an obligation of the partnership. For. the purpose of a settlement of its debts or obligations, the partnership remained in existence, subject to suit, even if the corporation did assume the debts and obligations of the partnership.
[2] We are also of the opinion that there was no inconsistency in the plaintiff’s allegations of fault or negligence, viz.: (1) That the hook was not large enough or strong enough — and was not intended — to withstand the strain to which it was subjected; (2) that the defendants neglected to make the necessary inspections to observe signs of breaking; and (3) that the foreman in charge of the work handled the apparatus carelessly, and in such manner as to subject the hook to severe jerks. Not one of those allegations contradicts another.
[1] There is a vast preponderance of evidence in the record that the attempt to use such a small hook to extract a line of pipe of the length and weight that the foreman was attempting to lift when the hook broke was not only bad judgment on his part, but contrary to the ordinary and customary method of doing such work. The stem consisted of about 1,850 feet of 4-inch pipe and 41 feet of 6-inch pipe. A number of expert and practical drillers testified that it was generally considered dangerous to attempt to lift more than 1,200 or 1,500 feet of 4-inch pipe with a hook the size of the one that broke in this instance. There was a larger hook at the derrick, that was intended to be used for such heavy work as was being performed when the accident happened. The only reason given by the driller or foreman for not using the larger hook was that the smaller one could be handled more conveniently and faster.
The defendants’ allegation that the breaking o'f the hook was due to a latent and undiscoverable defect in it was contradicted by their field superintendent, who testified that he examined the hook after the accident, and that there had been no structural or other defect in it.
The plea that Haynes assumed the risk and was guilty of contributory negligence, in failing to get out of the way of danger when the driller, feeling the snap of the hook, warned his helpers ‘to look out, was not sustained by proof. It was then too late for Haynes to avoid the danger.
Our conclusion is that the defendants are *895 responsible for the unfortunate result of the negligence, imprudence, or want of skill of their foreman.
We find no good reason either to increase or to reduce the amount of the judgment.
The judgment is affirmed, at appellants’ cost.